# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **PAULETTE A. FRAZIER-ALEXIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 2016-0081 |
| | ) | |
| **SUPERIOR COURT OF THE VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARMENT, HON. MICHAEL C. DUNSTON, DWANE CALLWOOD, HON. JESSICA GALLIVAN, LISA DAVIS-MCGREGOR, NATASHA WILLIAMS-MODESTE, NISSA BAILEY, HENRY V. POTTER, and LYDIA FIGUEROA,** | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Paulette A. Frazier-Alexis,**
St. Croix, U.S.V.I.
    *Pro Se*

**Paul L. Gimenez, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Superior Court of the Virgin Islands, Honorable Michael C. Dunston, Dwane Callwood, Honorable Jessica Gallivan, Lisa Davis-McGregor, Natasha Williams-Modeste, Nissa Bailey, and Henry V. Potter*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Lydia Figueroa and the Virgin Islands Police Department*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff Paulette A. Frazier-Alexis' ("Plaintiff") "Motion Requesting the Discretion of the Court to Permit Plaintiff to File Pur[s]uant to the Virgin Islands Tort Claim Act (33 V.I.C. §3401 []) and the Aff[i]davit in Support Thereof"

("Motion") (Dkt. No. 79) and Defendant Lydia Figueroa's ("Defendant Figueroa") Opposition thereto (Dkt. No. 80). For the reasons that follow, the Court will deny Plaintiff's Motion without prejudice.

## I. BACKGROUND[1]

Plaintiff was employed as an Arranger/Instructor with the Superior Court Rising Stars Youth Steel Orchestra from May 2007 until her termination in May 2016. (Dkt. No. 1-2 at 1, 22). Plaintiff asserts that she informed her employer of her disability—which she has disclosed to the Court without specificity or explanation—on or about August 2014. (Dkt. No. 1-2 at 2).

Plaintiff's employment was terminated following her arrest on June 16, 2015, resulting from an altercation during a sixth grade graduation ceremony at John H. Woodson Jr. High School. *Id.* She was transported to the Virgin Islands Police Department's ("VIPD") La Reine police station, where she "requested to retrieve her medication for her disability from her purse." *Id.* She was not permitted to do so, and was taken by ambulance to Juan F. Luis Hospital "at the insistence of the Police Department." *Id.* At the hospital, and allegedly without any information or consent, Plaintiff was injected with two separate one-milligram doses of Lorazepam, approximately two hours apart. *Id.* at 3. Plaintiff asserts that an unknown police officer remained in the room with her during this time. *Id.* According to Plaintiff, Lorazepam is a sedative that relieves anxiety and reduces the ability to recall events. *Id.*

At around 3:30 p.m., and approximately three hours after the first dose of Lorazepam, Plaintiff and her daughter were transported to the VIPD's Frederiksted police station for processing. *Id.* at 4. Plaintiff asserts that she has little to no recall of her time at the police station

---

[1] The factual background presented here is based on the narratives provided in Plaintiff's complaint and the instant Motion. (Dkt. Nos. 1; 1-2; 79).

2

due to her sedated state. *Id.* She does not recall being given or waiving her *Miranda* rights, and asserts that she was in no condition to waive her rights. *Id.* Despite her condition, Plaintiff was allegedly questioned by, and gave a statement to, VIPD Officer Lydia Figueroa. *Id.* Plaintiff asserts that such questioning was improper, as she was heavily sedated and unable to stay awake. *Id.*

According to police records, Plaintiff was booked, fingerprinted and arrested at 5:50 p.m. on June 16, 2015. *Id.* at 5. She was released on $500 bail, which was posted by her daughter, A.G., a fourteen-year-old minor. *Id.* Criminal charges against Plaintiff in connection with the altercation at John H. Woodson Junior High were dismissed in September 2015. *Id.* at 12. Plaintiff's employer, the Superior Court of the Virgin Islands, subsequently suspended Plaintiff and ultimately terminated her employment in May 2016. *Id.* at 6-12, 22.

Plaintiff filed a complaint naming various defendants, including Defendant Figueroa, on December 1, 2016. (Dkt. No. 1). She now seeks leave of the Court to file tort claims against Defendant Figueroa pursuant to the Virgin Islands Tort Claims Act, 33 V.I.C. § 3409, as more than ninety days have passed since the accrual of her claims. (Dkt. No. 79).

## II. APPLICABLE LEGAL PRINCIPLES

The Virgin Islands Tort Claims Act ("VITCA") provides that claims to recover damages for injuries caused by the torts of officers or employees of the Virgin Islands Government while acting in their official capacities "shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." 33 V.I.C. § 3409(c). Where "the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." *Id.*[2]

---

[2] Legal disability for purposes of 33 V.I.C. § 3409 is defined at 5 V.I.C. § 36, which provides:

3

A plaintiff who fails to file a claim or notice of intent against the Government within 90 days may request to file out of time within two years of the accrual of his claim. *Id.* Allowing such untimely filing is a matter of the Court's discretion once a plaintiff has made the requisite showing. *Id.* In order for the Court to exercise such discretion, a plaintiff must demonstrate: "(1) a reasonable excuse for her failure to file within the proper time period; (2) that the Government had actual notice of the facts constituting the claim within the initial filing deadline; and (3) that the late filing will not substantially prejudice the Government." *Daniel v. Gov't of Virgin Islands*, 1994 WL 392236, at *2 (D.V.I. May 26, 1994). All three criteria must be satisfied before the Court may excuse non-compliance with the 90-day filing period. *Delgado v. Gov't of Virgin Islands*, 137 F. Supp. 2d 611, 614 (D.V.I. March 30, 2001); *Pickering v. David*, 22 V.I. 105, 111 (Terr. Ct. 1986). "The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany" a plaintiff's application for permission to file out of time. 33 V.I.C. § 3409(c); *In re Hartlage*, 54 V.I. 446, 450-51 (V.I. Sept. 30, 2010). Section 3410 requires that "the

---

(a) If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues
(1) under the age of twenty-one years; or
(2) insane; or
(3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life
the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.
(b) No person shall avail himself of a disability unless it existed when his right of action accrued.
(c) When two or more disabilities exist at the time the right of action accrues the limitation shall not attach until all such disabilities are removed.

5 V.I.C. § 36. *See In re Consol. Bus Cases*, 21 V.I. 96, 101 (D.V.I. Aug. 23, 1984) (analyzing "legal disability" for purposes of a VITCA claim under the definition provided at 5 V.I.C. § 36); *In re Steele*, 9 V.I. 332, 335-36 (D.V.I. Feb. 8, 1973) (same).

Nothing in Plaintiff's Motion suggests that she was under legal disability during the period when the events underlying her complaint occurred.

claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed." 33 V.I.C. § 3410.

### III. DISCUSSION

Plaintiff asserts that the Court should exercise its discretion pursuant to 33 V.I.C. § 3410 and allow her to pursue tort claims against Defendant Figueroa under the VITCA. (Dkt. No. 79 at 2).[3] In support of her position, Plaintiff argues that the Government would not suffer any substantial prejudice. *Id.* In an attached affidavit, Plaintiff states that an unspecified "medical condition was an ongoing deterrent in filing the notice of intention." (Dkt. No. 79-1 at 1). She further states that the effects of the violation—specifically, the use of the alleged illegally obtained waiver of *Miranda* rights—continued past the 90-day threshold, and up to and past her May 2016 termination. *Id.* She also asserts that the Government and Defendant Figueroa received timely notice of her claims. *Id.* at 1-2.

Defendant Figueroa argues that Plaintiff has not demonstrated good cause for her failure to comply with the 90-day provision. (Dkt. No. 80 at 1-2). She further asserts that the 90-day provision exists to prevent stale claims, and Plaintiff's failure to comply with the filing period should deny her access to the courts. *Id.* at 2.

In order for the Court to exercise its discretion to excuse Plaintiff's failure to comply with the 90-day notice requirement of 33 V.I.C. § 3409, Plaintiff must demonstrate that she had a reasonable excuse for failing to file a claim within 90 days; that Defendant Figueroa had actual notice of the facts underlying the claim; and that Defendant Figueroa would not be prejudiced by

---

[3] The authority for the Court to exercise its discretion to excuse a Plaintiff's failure to timely file a claim is found in 33 V.I.C. § 3409, not § 3410, as Plaintiff asserts.

the late filing. All three conditions must be satisfied in order for the Court to exercise its discretion. *Pickering*, 22 V.I. at 111.

Where a plaintiff is not a minor or suffering from a legal disability, courts have found a "reasonable excuse" only where a plaintiff has been seriously incapacitated, hospitalized, or is under investigation for committing a serious crime. *Faulknor v. Gov't of the Virgin Islands*, 60 V.I. 65, 77 (V.I. Super. Ct. Feb. 19, 2014) (citing cases). "Courts have found that ignorance of the law, operating under the impression that the issue could be resolved without litigation, failure to retain or effectively communicate with counsel, counsel's own negligence or delay in complying with the Tort Claims Act, ongoing medical treatment, and injuries that do not hinder the claimant's ability to communicate with others, are not, by themselves, sufficient to support a finding of 'reasonable excuse.'" *Id.* at 76 (citing cases). However, courts consider the totality of the circumstances in evaluating whether a plaintiff's justification constitutes a reasonable excuse. *Id.* at 78.

Although Plaintiff attempts to set forth a reasonable excuse, her arguments are unsupported and conclusory. Her affidavit refers to an unspecified medical condition, and argues that her medical records should not form part of the public record. (Dkt. No. 79-1 at 1).[4] Plaintiff has provided no information upon which to evaluate Plaintiff's claimed medical condition to determine whether it rises to the level of a reasonable excuse for her untimely filing. *Faulknor*, 60 V.I. at 76-78. Without such information, the Court cannot find that Plaintiff should be excused from

---

[4] The Court is sensitive to the private nature of medical records, and is not suggesting that Plaintiff must file her medical records on the public docket to establish a reasonable excuse due to disability. However, Plaintiff must provide the Court with more detail regarding her claimed disability before the Court can make a determination as to whether it constitutes a reasonable excuse for her untimely filing, and this can be accomplished without disclosing private medical information to the public.

complying with the 90-day time limit, and her Motion must be denied. *Samuel v. Gov't of the Virgin Islands*, 44 V.I. 201, 208 (Terr. Ct. Mar. 1, 2002).

As Plaintiff's failure to establish a reasonable excuse is fatal to her Motion for permission to file her VITCA claim out-of-time, the Court need not reach the merits of the parties' arguments regarding prejudice or notice. *Pickering*, 22 V.I. at 111. However, the Court will allow Plaintiff the opportunity to supplement her Motion to address the deficiency identified herein.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion will be denied without prejudice. The Court will grant Plaintiff 30 days to supplement her Motion to cure the deficiency identified herein with respect to a reasonable excuse for filing her VITCA claim out-of-time.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 24, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge