NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

PAULETTE A. FRAZIER-ALEXIS,

    Plaintiff,

v.

SUPERIOR COURT of the VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT, HON. JUDGE MICHAEL DUNSTON, in his official capacity, HON. MAGISTRATE JUDGE JESSICA GALLIVAN, in her official capacity, NATASHA WILLIAMS-MODESTE, LISA DAVIS-McGREGOR, HENRY V. POTTER, DWANE A. CALLWOOD, NISSA BAILEY, and POLICE OFFICER LYDIA FIGUEROA,

    Defendants.

Civ. No. 16-81

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on the (1) Motion for Reconsideration by Defendants Nissa Bailey, Dwane Callwood, Michael C. Dunston, Jessica Gallivan, Lisa McGregor-Davis, Natasha Modeste-Williams, Henry V. Potter, and Superior Court of the Virgin Islands ("Superior Court") (collectively, "Moving Defendants") (ECF No. 119); (2) Motion to Strike the Third Amended Complaint by Defendant Dunston (ECF No. 122); (3) Emergency Motion to Stay by Defendant Dunston (ECF No. 123); and (4) Motion to Expedite Ruling on

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Emergency Motion to Stay by Defendant Dunston (ECF No. 124). The remaining Moving Defendants join Defendant Dunston's Motion to Strike, Motion to Stay, and Motion to Expedite (Joinder at 1–2, ECF No. 125); Defendants Virgin Islands Police Department ("VIPD") and Lydia Figueroa have not notified the Court of their positions. The Court has decided the Motions on the written submissions of the parties and without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the following reasons, Moving Defendants' Motion for Reconsideration is denied, Defendant Dunston's Motion to Strike is denied, Defendant Dunston's Motion to Stay is dismissed as moot, and Defendant Dunston's Motion to Expedite is granted.

## BACKGROUND

This civil rights case arises from the alleged unlawful termination of Plaintiff Paulette A. Frazier-Alexis ("Plaintiff"). Plaintiff, appearing *pro se*, originally filed the Complaint on December 1, 2016. (ECF No. 1.) In response, Defendants filed numerous Motions to Dismiss. (ECF Nos. 33, 35, 37, 46, 50, 53, 76.) Plaintiff subsequently attempted to amend the Complaint on two different occasions (ECF Nos. 71, 85), but the Court denied her motions (ECF Nos. 84, 93). Defendants' Motions to Dismiss remained pending.

On October 15, 2018, this case was reassigned to the Honorable Anne E. Thompson. (ECF No. 100.) An in-person status conference was scheduled (ECF Nos. 102, 103), which was held on November 14, 2018 (ECF No. 105). During that status conference, the parties presented the status of the case, and the Court ordered Plaintiff to file "a comprehensive amended complaint in order to correct the deficiencies noted in Magistrate Judge Cannon's Report and Recommendation (ECF No. 63) no later than December 28, 2018." (Order to Am. at 1, ECF No. 107.)

2

On December 28, 2018, Plaintiff filed the Third Amended Complaint. (ECF No. 109.) After requesting an extension of time to file related exhibits (ECF No. 110), which was granted (ECF No. 111), Plaintiff filed numerous exhibits to supplement the Third Amended Complaint on January 4, 2019 (ECF Nos. 112–17). As a result, the Court considered Defendants' pending Motions to Dismiss—which all related to the original Complaint—to be withdrawn and thus dismissed them on January 15, 2019. (Order at 1–2, ECF No. 118.) The Court ordered that Defendants submit a consolidated answer to the Third Amended Complaint by January 29, 2019. (*Id.* at 2.)

On January 18, 2019, Moving Defendants filed a Motion for Reconsideration, requesting that the Court reconsider its Order dated January 15, 2019 and reinstate Defendants' various motions to dismiss "on the basis that Plaintiff has not established the Court's personal jurisdiction over Defendants . . . due to insufficient service of process and/or insufficient process which has not been cured." (Mem. Supp. Mot. for Recons. ("Mot. for Recons.") at 1–2, ECF No. 120.) On January 23, 2019, Defendant Dunston filed a Motion to Strike the Third Amended Complaint for failure to comply with the "short and plain statement" standard of Rule 8 of the Federal Rule of Civil Procedure. (Mot. to Strike at 1, ECF No. 122.) Defendant Dunston also filed an Emergency Motion to Stay Defendants' January 29, 2019 deadline to answer the Third Amended Complaint pending the Court's resolution of the Motion to Strike (Mot. to Stay at 1, ECF No. 123) and a Motion to Expedite Ruling on Emergency Motion to Stay (Mot. to Expedite at 1, ECF No. 124). All other Moving Defendants join Defendant Dunston's Motions. (Joinder at 1–2.) The Motion for Reconsideration, Motion to Strike, Motion to Stay, and Motion to Expedite are all before the Court.

## DISCUSSION

### I. Motion for Reconsideration

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

In their Motion for Reconsideration, Moving Defendants do not identify (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *See N. River Ins. Co.*, 52 F.3d at 1218. Rather, Moving Defendants argue that "Plaintiff's process and/or service of process in the instant matter is insufficient" and "hence fails to provide this Honorable Court with jurisdiction over the Defendants." (Mot. for Recons. at 4–5.) But Moving Defendants advance an argument for dismissal that is better entertained in the context of a responsive pleading. *See* Fed. R. Civ. P. 12 (stating that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading," including insufficient service of process). Moving Defendants recognize as such. (*See* Mot. for Recons. at 5 (acknowledging that insufficient service of process under

4

Rule 12(b)(5) "is one basis upon which a defendant may seek dismissal of a complaint").) The Court has not dismissed any of Defendants' previous Motions to Dismiss with prejudice, so Defendants have not waived their right to any defense under Rule 12. Seven different Motions to Dismiss, each of which almost two years stale, were pending before the Court and were based on the original Complaint. To preserve judicial resources and narrow the parties' arguments, the Court had ordered Defendants to file an answer specifically in response to the Third Amended Complaint and include any defenses they wish at that time.

Moving Defendants also argue that 42 U.S.C. § 2000e-5(f)(1) bars Plaintiff's claims. That section requires a plaintiff to file a civil action within ninety days after the U.S. Equal Employment Opportunities Commission dismisses a charge alleging an unlawful employment practice. Moving Defendants allege that Plaintiff missed this deadline by thirty-seven days and thus her claims are barred. (Mot. for Recons. at 2, 4.) Moving Defendants seem to argue that this alleged administrative failure strips this Court of its jurisdiction. (*See id.* at 4–5 (arguing that Plaintiff's error "fails to provide this Honorable Court with jurisdiction over the Defendants").) Of course lack of subject matter jurisdiction divests a court of its jurisdiction, *Herbert v. Government of the V.I.*, 1983 U.S. Dist. LEXIS 20513, at *4 (D.V.I. Mar. 30, 1983), but the "[f]ailure to exhaust administrative remedies does not affect the District Court's subject matter jurisdiction." *Fernandez v. Rose Trucking*, 429 F. App'x 145, 146 (3d Cir. 2011) (citing *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997)). In fact, "failure to exhaust in Title VII cases, which is akin to failing to comply with a statute of limitations, is an affirmative defense which must be pleaded by the defendant." *Id.* Again, this defense is more appropriate for Defendants' consolidated answer(s), and Defendants are not precluded from arguing it then. Accordingly, Moving Defendants' Motion for Reconsideration is denied.

## II. Motion to Strike

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a "pleading that states a claim for relief must contain . . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Rules further provide that a litigant may move to strike a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). But courts have "considerable discretion" in deciding a motion to strike under Rule 12(f). *United States* ex rel. *Nissman v. Southland Gaming of the V.I., Inc.*, 182 F. Supp. 3d 297, 317 (D.V.I. 2016). Indeed, "the moving party must demonstrate that the challenged allegations are so unrelated to the plaintiff's claims as to be 'unworthy of any consideration and that their presence in the pleadings will be prejudicial.'" *Moore v. Gerry*, 2018 U.S. Dist. LEXIS 133533, at *6 (D.V.I. Aug. 8, 2018) (citing Wright and Miller, Federal Practice and Procedures, Civil 2d § 1380)).

Moving Defendants seek to strike the Third Amended Complaint and give Plaintiff another opportunity to amend. (Mot. to Strike at 1.) Defendant Dunston argues that the Third Amended Complaint is "replete with extensive narrations of evidentiary detail and legal argument" and "mak[es] this litigation unduly complicated and oppressively burdensome." (*Id.* at 2–3.) Although Plaintiff pleads fifty counts, she attributes each count only to one defendant, so many of the counts overlap with one another. In all, Plaintiff pleads only twelve different claims against various combinations of Defendants.[2] The Third Amended Complaint contains

---

[2] Plaintiff pleads the following twelve claims: (1) violation of her Fourth and Fourteenth Amendment rights, (2) unlawful termination pursuant to 42 U.S.C. § 2000e, (3) wrongful discharge pursuant to 24 V.I.C. § 76, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) breach of the implied covenant of good faith and fair dealing, (7) violation of 24 V.I.C. § 421, (8) negligence, (9) violation of Rule 128 of the Superior Court of the Virgin Islands, (10) violations of her Fifth and Fourteenth Amendment

6

quite detailed paragraphs, but Plaintiff submitted this version in response to the Court's instruction to file "a comprehensive amended complaint in order to correct the deficiencies noted in Magistrate Judge Cannon's Report and Recommendation." (Order to Am. at 1.) "In light of the Supreme Court's rulings in *Twombly* and *Iqbal*, which require a pleading's 'factual allegations [to] be enough to raise a right to relief above the speculative level,' this Court fails to see the prudence of striking a [complaint] because it contains too much detail." *United Gov't Sec. Officers of Am. v. Exelon Nuclear Sec., LLC*, 2011 U.S. Dist. LEXIS 127614, at *11–12 (E.D. Pa. Nov. 3, 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (denying request to strike counterclaim). Mindful that "[c]ourts generally disfavor motions to strike," *Moore*, 2018 U.S. Dist. LEXIS 133533, at *6, the Court denies Defendant Dunston's Motion to Strike the Third Amended Complaint, *see Correctional Medical Care, Inc. v. Gray*, 2008 U.S. Dist. LEXIS 6596, at *32–33 (E.D. Pa. Jan. 30, 2008) (denying motion to strike complaint under Rule 8(a)(2) because "dismissal would be too harsh a remedy").

### III. Motions to Stay and Expedite

The Court's ruling on Defendant Dunston's Motion to Strike obviates the need for his Motion to Stay, so the Court dismisses the Motion as moot. Separately, by virtue of its rulings on this day, the Court grants Defendant Dunston's Motion to Expedite.

### CONCLUSION

For the reasons stated herein, Moving Defendants' Motion for Reconsideration is denied, Defendant Dunston's Motion to Strike is denied, Defendant Dunston's Motion to Stay is dismissed as moot, and Defendant Dunston's Motion to Expedite is granted. An appropriate

---

rights, (11) violations pursuant to 42 U.S.C. § 1981, and (12) various theories of vicarious liability against Defendants Superior Court and VIPD. (*See* 3d Am. Compl. ¶¶ 139–378.)

7

order will follow.

Date: 1/25/19

ANNE E. THOMPSON, U.S.D.J.