NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

PAULETTE A. FRAZIER-ALEXIS,

Plaintiff,

v.

SUPERIOR COURT of the VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT, HON. JUDGE MICHAEL DUNSTON, in his official capacity, HON. MAGISTRATE JESSICA GALLIVAN, in her official capacity, NATASHA WILLIAMS-MODESTE, LISA DAVIS-McGREGOR, HENRY V. POTTER, DWANE A. CALLWOOD, NISSA BAILEY, and POLICE OFFICER LYDIA FIGUEROA,

Defendants.

Civ. No. 16-81

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on the Motion to Dismiss brought by Defendants Nissa Bailey, Dwane Callwood, Lisa McGregor-Davis, Natasha Modeste-Williams, Henry V. Potter, and Superior Court of the Virgin Islands ("Superior Court") (collectively, "Superior Court Defendants") (ECF No. 134) and the Motion for Judgment on the Pleadings brought by Defendant Honorable Michael C. Dunston (ECF No. 137). Plaintiff Paulette A. Frazier-Alexis ("Plaintiff") has not offered a response in regard to these Motions. (*See* Letter at 1, ECF No.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

140.) The Court has decided the Motions after considering the written submissions of the parties without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court grants Superior Court Defendants' Motion to Dismiss and dismisses as moot Defendant Dunston's Motion for Judgment on the Pleadings.

## **BACKGROUND**

This action stems from the allegedly unlawful termination of Plaintiff's employment with the Superior Court of the Virgin Islands Rising Stars Youth Steel Orchestra. On June 16, 2015, while attending her son's sixth-grade graduation ceremony, Plaintiff was involved in a physical altercation that resulted in her arrest. (3d Am. Compl. ¶¶ 35, 38, ECF No. 109.) She was taken into custody by Defendant Virgin Islands Police Department ("VIPD") and questioned by Defendant Officer Lydia Figueroa. (*Id.* ¶¶ 38–39, 41–45.) After an administrative hearing and subsequent appeal, Defendant Superior Court terminated her employment. (*Id.* ¶¶ 21–22, 52–64, 97–112.)

On December 1, 2016, Plaintiff filed the instant action. (ECF No. 1.) After numerous motions, delays, and orders, this action was reassigned to the Honorable Anne E. Thompson on October 15, 2018. (ECF No. 100.) On November 14, 2018, the Court held a status conference (ECF No. 105) wherein it ordered Plaintiff to file an amended complaint by December 28, 2018 (ECF No. 107).

On December 28, 2018, Plaintiff filed the Third Amended Complaint.[2] She alleges fifty Counts against the ten Defendants. (*See* 3d Am. Compl. ¶¶ 139–378.) In all, however, Plaintiff

---

[2] Because the Third Amended Complaint became the operative complaint, the Court dismissed all pending motions seeking dismissal of the initial Complaint on January 15, 2019. (ECF No. 118.) Defendants sought reconsideration of this Order (ECF Nos. 119–20) and to strike the Third Amended Complaint (ECF No. 122). The Court denied both requests on January 25, 2019.

2

pleads only twelve different claims against various combinations of these Defendants: (1) violations of her Fourth and Fourteenth Amendment rights, (2) unlawful termination pursuant to 42 U.S.C. § 2000e, (3) wrongful discharge pursuant to 24 V.I.C. § 76, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) breach of the implied covenant of good faith and fair dealing, (7) violation of 24 V.I.C. § 421, (8) negligence, (9) violation of Rule 128 of the Superior Court of the Virgin Islands, (10) violations of her Fifth and Fourteenth Amendment rights, (11) violations pursuant to 42 U.S.C. § 1981, and (12) various theories of vicarious liability against Defendants Superior Court and VIPD. (*See id.*) On February 1, 2019, Plaintiff filed a Motion to Stay all proceedings until further notice due to a personal affair (ECF No. 132); the Court denied that request on February 5, 2019 (ECF No. 133).

On February 5, 2019, Superior Court Defendants filed the instant Motion to Dismiss. (Mot. Dismiss at 1, ECF No. 135.) On the same day, Defendants Dunston, Gallivan, Figueroa, and VIPD filed a Consolidated Answer. (*See* Answer, ECF No. 136.) On February 20, 2019, Defendant Dunston filed a Motion for Judgment on the Pleadings (Mot. J. Pleadings, ECF No. 137)[3] and a Notice to Join Superior Court Defendants' Motion to Dismiss in Regard to Insufficient Service of Process (Joinder Not. at 1, ECF No. 138).

On March 6, 2019, the Court filed a letter to Plaintiff advising her that the deadline to oppose Superior Court Defendants' Motion to Dismiss had passed and requesting that she inform the Court immediately as to whether she intends to file an opposition. (Letter at 1.) Plaintiff never responded to the letter and never filed an opposition to any of the pending Motions. On March 25, 2019, Superior Court Defendants filed a Motion to Deem their Motion to Dismiss

---

[3] On February 24, 2019, Defendant Dunston moved to supplement his Motion for Judgment on the Pleadings. (ECF No. 139.) The Court grants that request.

3

Unopposed and Conceded (ECF Nos. 141–42), which Defendant Dunston joined (ECF No. 143).[4] The Motion to Dismiss and the Motion for Judgment on the Pleadings are currently before the Court.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process. The summons, along with a copy of the complaint, must be served within ninety days, in accordance with Rule 4(m). Fed. R. Civ. P. 4(c)(1). A plaintiff may not serve a defendant personally; rather, only a non-party may effect service by delivering a copy of the summons and complaint to the defendant personally or delivering a copy of each to an authorized agent of the defendant. Fed. R. Civ. P. 4(c)(2), (e). Rule 4(*l*) requires that the server execute an affidavit of service to prove that she has effected service. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a district court to dismiss an action for insufficient service of process. "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even if the plaintiff were to fail to show good cause, however, the court still has the discretion to grant more time to perfect service if good cause is found *sua sponte*. The Third Circuit has "equated good cause with the concept of excusable neglect . . . which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Mathies v. Silver*, 450 F. App'x 219, 222

---

[4] The Court grants this Motion.

4

(3d Cir. 2011) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d

Cir. 1995)).

> Generally, courts consider four factors in determining good cause: "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed."

*Sanchez v. United States*, 2016 U.S. Dist. LEXIS 20316, at *4–5 (D.V.I. Feb. 19, 2016) (citing

*Mathies*, 450 F. App'x at 222; *MCI Telecomms.*, 71 F.3d at 1097–98; *Petrucelli v. Bohringer &

Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).

## DISCUSSION

### I. Insufficient Service of Process

Superior Court Defendants move, pursuant to Rule 12(b)(5), to dismiss because

"Plaintiff's process and/or service of process in the instant matter is insufficient as to all of the

Defendants and has not been cured." (Mot. Dismiss at 6.) More specifically, Superior Court

Defendants contend that Plaintiff failed to comply with Rule 4(c)(2) and (*l*) of the Federal Rules

of Civil Procedure. (*Id.* at 8.) Defendant Dunston "joins the arguments of [Superior Court

Defendants] relating to insufficiency of process and insufficiency of service of process."

(Joinder Not. at 1.)

#### A. *Plaintiff Failed to Serve Defendants Properly*

Plaintiff attempted to effect service on two different occasions. First, between December

2 and 5, 2016, Plaintiff attempted to serve Defendants and/or their agents personally. (*See* ECF

Nos. 18–25.) Rule 4(c)(2) of the Federal Rules of Civil Procedure clearly prohibits Plaintiff, a

party to this action, from effecting proper service herself. Therefore, all of these attempts are

insufficient.

Plaintiff subsequently employed third-party process servers to attempt service of process. (*See* ECF Nos. 30, 39–44.) However, Plaintiff filed an affidavit of service relating to only one of those attempts, and in that attempt, the affiant stated that he served only the summons. (*See* ECF No. 30.) In regard to the other attempts, Plaintiff filed no affidavits of service. (*See* ECF Nos. 39–44.) Superior Court Defendants argue that these attempted services omitted a copy of the Complaint (Mot. Dismiss at 5–8), and Plaintiff does not indicate otherwise. Because Plaintiff failed to file affidavits of service in accord with Rule 4(*l*) ("Unless service is waived, proof of service must be made to the court. . . . by the server's affidavit.") and failed to carry her burden in proving that she served a copy of the Complaint along with the summons in accord with Rule 4(c)(1) ("A summons must be served with a copy of the complaint."), the Court finds that Defendants were never properly served in this matter.

The Court also does not find good cause to allow Plaintiff extra time to serve Defendants properly. The burden is on Plaintiff to show good cause, but Plaintiff currently seems to be absent from this litigation as she has not opposed any of the motions urging dismissal. Fed. R. Civ. P. 4(m); *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) ("In determining whether good cause exists, a court's 'primary focus is on the plaintiff's reasons for not complying with the time limit in the first place.'" (quoting *MCI Telecomms.*, 71 F.3d at 1097)); *see also Sanchez*, 2016 U.S. Dist. LEXIS 20316, at *7–8 (D.V.I. Feb. 19, 2016) ("Because [p]laintiff has not filed an Opposition or otherwise responded . . . the Court has no basis for determining whether there is good cause to extend the time for service").

But "[e]ven absent a showing of good cause, a permissive extension of time may be granted." *John v. McHugh*, 2010 U.S. Dist. LEXIS 105016, at *19 (D.V.I. Sep. 30, 2010) (citing *Boley*, 123 F.3d at 758); *Mathies*, 450 F. App'x at 222 (outlining four factors to consider).

6

Several factors weigh in favor of granting Plaintiff additional time to serve Defendants. Plaintiff certainly *tried* to effect service: She attempted to serve Defendants personally (*see* ECF Nos. 18–25), she then attempted to serve Defendants through a third-party process server (*see* ECF Nos. 30, 39–44), and she also requested that Defendants waive service pursuant to Rule 4(d) (*see* ECF No. 56). And some—if not all—the statutes of limitations for Plaintiff's various claims have expired.

However, the critical factor counseling dismissal here is the extenuated duration and delay of this case. Defendants are clearly aware of this litigation as they have been active participants from the beginning, *see McHugh*, 2010 U.S. Dist. LEXIS 105016, at *20 (D.V.I. Sept. 30, 2010) (noting that "[a]ctual notice to the defendant that an action has been filed precludes a finding of prejudice"), but "notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction," *Grand Entertainment Group*, 988 F.2d at 492. This case was commenced over two years ago and Defendants' previous motions to dismiss had been sitting dormant for much of that time before this case was reassigned recently. Defendants filed numerous motions identifying Plaintiff's failure to serve them properly within days after she filed executed summonses (*see* ECF Nos. 33, 35, 50) and revitalized those objections in more recent filings (*see* ECF Nos. 119, 123–25). Plaintiff presumably believed that these arguments were meritorious; otherwise, she would not have requested Defendants to waive service thereafter. (*See* ECF No. 56.) Plaintiff did not attempt to perfect service then, however, and she is currently absent from the litigation now. The Court directed a letter to Plaintiff ordering her to "advise the Court immediately as to whether [she] intend[s] to oppose [Superior Court Defendants'] Motion and, if so, when [she] intend[s] to file such opposition" (Letter at 1), but to date, Plaintiff has not responded; this litigation clearly lacks

the requisite amount of vigor.[5] Although Plaintiff is representing herself *pro se*, Plaintiff has been "a duly licensed [a]ttorney in the State of Illinois for 23 years." (3d Am. Compl. ¶ 45.) Because attorneys are not excused for this sort of delay, *Felicetty-Stamm v. Secretary Department of Homeland Security*, 558 F. App'x 189, 191 (3d Cir. 2014) (finding no error in district court's refusal to grant extension to serve because plaintiff's "apparent failure to read or understand Rule 4 does not provide good cause for lack of [proper] service"), Plaintiff is not granted additional time to perfect service. Accordingly, Superior Court Defendants' Motion to Dismiss is granted and all Counts against them are dismissed.

B. *Defendant Dunston Did Not Waive Defense of Insufficient Service*

Rather than file a pre-answer motion, such as a motion pursuant to Rule 12(b), Defendant Dunston elected to file an answer. Twenty days later, Defendant Dunston filed a Notice to Join Superior Court Defendants' Motion to Dismiss in Regard to Insufficient Service of Process. (Joinder Not. at 1.)

Rule 12(h) of the Federal Rules of Civil Procedure provides guidance in regard to waiver:

> A party waives any defense listed in Rule 12(b)(2)–(5) by:
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
> (B) failing to either:
> (i) make it by motion under this rule; or
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

"[I]f a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either

---

[5] For example, on July 24, 2018, the Court ordered to Plaintiff to amend the then-operative complaint by August 23, 2018. (ECF No. 96.) However, Plaintiff failed to meet this deadline, and the next activity in this case was not until October 15, 2018—when it was reassigned. (ECF No. 100.)

*in its answer* or together with any other Rule 12 defenses raised in a pre-answer motion." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) (emphasis added); *see also* Moore's Manual of Federal Practice and Procedure § 11.23 (2018) ("A defendant's option to make a motion under Rule 12(b)(4) or 12(b)(5) is waived if not asserted at the proper time, which must be in the first Rule 12 motion filed *or in the first responsive pleading*. . . . Pleading insufficiency of process at the first opportunity preserves the objection even if it is not argued before other motions, such as one for summary judgment." (emphasis added)).

Because Defendant Dunston unequivocally raised insufficient service of process as an affirmative defense in his Answer (Answer at 34 ("This Court lacks personal jurisdiction due to insufficiency of service of process."),[6] Defendant Dunston preserved that defense and thus may assert it now. The same rationale as to Superior Court Defendants equally applies to Defendant Dunston and, accordingly, all Counts against Defendant Dunston are dismissed.

## II. Remaining Motions and Claims

As explained above, Superior Court Defendants and Defendant Dunston are dismissed from this action. As a corollary, Defendant Dunston's Motion for Judgment on the Pleadings is dismissed as moot. Claims remain standing against Defendants Gallivan (Counts 42–44), Figueroa (Counts 46–47, 49), and VIPD (Counts 48–49).

---

[6] *See also* Answer at 1 (submitting the Answer "without waiving defects in process and service of process asserted herein"), 3 (alleging "insufficiency/defects in process and service of process" and "deny[ing] that Notice of Intent was effectively or lawfully served").

9

## CONCLUSION

For these reasons, Superior Court Defendants' Motion to Dismiss is granted, and Defendant Dunston's Motion for Judgment on the Pleadings is dismissed as moot. An appropriate order will follow.

Date: 4/3/19

ANNE E. THOMPSON, U.S.D.J.