UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| Paulette A. Frazier-Alexis,<br><br>        Plaintiff,<br><br>        v.<br><br>SUPERIOR COURT of the VIRGIN ISLANDS, VIRGIN ISLANDS POLICE DEPARTMENT, HON. JUDGE MICHAEL DUNSTON, in his official capacity, HON. MAGISTRATE JESSICA GALLIVAN, in her official capacity, NATASHA WILLIAMS-MODESTE, LISA DAVIS-McGREGOR, HENRY V. POTTER, DWANE A. CALLWOOD, NISSA BAILEY, and POLICE OFFICER LYDIA FIGUEROA,<br><br>        Defendants. | Civ. No. 16-81<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.[1]

      This matter comes before the Court on the Motion for Judgment on the Pleadings (ECF No. 146), Motion to Deem Motion for Judgment Conceded and Unopposed (ECF No. 147), and Motion to Dismiss (ECF No. 148), all brought by Defendant Jessica Gallivan. Plaintiff Paulette A. Frazier-Alexis ("Plaintiff") has not offered a response in regard to these Motions. For the following reasons, Defendant Gallivan's Motion to Dismiss is granted, and her Motion for Judgment on the Pleadings and associated Motion to Deem Motion for Judgment Conceded and Unopposed are dismissed as moot.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

This action stems from the allegedly unlawful termination of Plaintiff's employment with the Superior Court of the Virgin Islands Rising Stars Youth Steel Orchestra.[2] On December 28, 2018, Plaintiff filed the Third Amended Complaint, alleging fifty counts, ranging from constitutional violations to territorial torts, against ten different Defendants. (*See* 3d Am. Compl. ¶¶ 139–378, ECF No. 109.) On February 5, 2019, Defendants Nissa Bailey, Dwane Callwood, Lisa McGregor-Davis, Natasha Modeste-Williams, Henry V. Potter, and Superior Court of the Virgin Islands (collectively, "Superior Court Defendants") filed a Motion to Dismiss (ECF No. 134), and on the same day, Defendants Michael Dunston, Jessica Gallivan, Lydia Figueroa, and Virgin Islands Police Department filed a Consolidated Answer (Answer, ECF No. 136).

On April 3, 2019, the Court addressed, *inter alia*, Superior Court Defendants' Motion to Dismiss (ECF No. 134) and Defendant Dunston's Notice to Join Superior Court Defendants' Motion to Dismiss (ECF No. 138). (*See* Order & Opinion, ECF Nos. 144–45.) In its Opinion, the Court found that Plaintiff attempted to effect service on two different occasions but failed both times. First, between December 2 and December 5, 2016, Plaintiff personally attempted to serve Defendants and/or their agents (*see* ECF Nos. 18–25) in violation of Rule 4(c)(2) of the Federal Rules of Civil Procedure prohibiting Plaintiff, a party to this action, from effecting proper service herself. Second, Plaintiff employed third-party process servers to attempt service of process (*see* ECF Nos. 30, 39–44), but Plaintiff either failed to file affidavits of service associated with those attempts (*see* ECF Nos. 39–44) in violation of Rule 4(*l*) ("Unless service is waived, proof of service must be made to the court. . . . by the server's affidavit.") or filed an affidavit of service indicating that the server failed to serve a copy of the Complaint with the

---

[2] The Court incorporates by reference the fuller recitation of facts contained within its Opinion dated April 3, 2019. (Op. at 2–4, ECF No. 145.)

2

Summons (*see* ECF No. 30) in violation of Rule 4(c)(1) ("A summons must be served with a copy of the complaint."). (*See* Op. at 5–6.)  Although Defendant Dunston elected to file an Answer, rather than a pre-answer motion to dismiss, the Court nevertheless found that he had preserved the insufficient-service-of-process defense in the Answer, his first responsive pleading. The Court ultimately concluded that Plaintiff had failed to carry her burden that she effected proper service and thus dismissed from the action Superior Court Defendants pursuant to Rule 12(b)(5) and Defendant Dunston pursuant to Rule 12(c).  The Court also denied Plaintiff any additional time to perfect service. (*See* Op. at 6–8.)

Here, Defendant Gallivan moves to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, but Defendant Gallivan waived her right to file a 12(b)(5) motion when she first filed her Answer.  *See* Fed. R. Civ. P. 12(h).  Mindful of judicial resources, however, the Court construes Defendant Gallivan's Motion to Dismiss, filed pursuant to Rule 12(b)(5), as a motion for judgment on the pleadings pursuant to Rule 12(c), especially considering that she already has a Rule 12(c) motion pending—albeit on other grounds.  *See Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 110 n.2 (3d Cir. 2014) ("Because [defendant] filed its motion to dismiss after its responsive pleading, the motion is more properly construed as a request for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991))); Fed. R. Civ. P. 1 (noting the importance of "the just, speedy, and inexpensive determination of every action and proceeding").

As the Court explained in more extensive detail in its Opinion dated April 3, 2019, Plaintiff has failed to effect proper service against Defendant Gallivan. (*See* ECF No. 42 (summons returned in regard to Defendant Gallivan).)  Plaintiff has failed to file an affidavit of

service associated with that attempt, in violation of Rule 4(*l*), and has failed to carry her burden in proving otherwise. Like Defendant Dunston, Defendant Gallivan raised insufficient service of process as an affirmative defense in her Answer,[3] thus preserving that defense and allowing her to assert it now in a motion for judgment on the pleadings. (*Cf.* Op. at 8–9 (discussing Defendant Dunston's preservation of insufficient-service-of-process defense and relying on *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) to dismiss him from action).) And the same factors counseling dismissal and denying Plaintiff any additional time to perfect service, as discussed in the Court's prior Opinion, apply in equal force to the circumstances here.[4] (*See id.* at 6–8.) Accordingly, the Court construes Defendant Gallivan's Motion to Dismiss as a Motion for Judgment on the Pleadings and dismisses her from this action.

For the foregoing reasons, IT IS on this 2nd day of May, 2019,

ORDERED that Defendant Jessica Gallivan's Motion to Dismiss (ECF No. 148) is GRANTED; and it is further

ORDERED that Defendant Jessica Gallivan's Motion for Judgment on the Pleadings (ECF No. 146) is DISMISSED AS MOOT; and it is further

ORDERED that Defendant Jessica Gallivan's Motion to Deem Motion for Judgment Conceded and Unopposed (ECF No. 147) is DISMISSED AS MOOT.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

---

[3] *See* Answer at 1 (submitting the Answer "without waiving defects in process and service of process asserted herein"), 3 (alleging "insufficiency/defects in process and service of process" and "deny[ing] that Notice of Intent was effectively or lawfully served"), 34 ("This Court lacks personal jurisdiction due to insufficiency of service of process.").
[4] In fact, dismissal is arguably even more appropriate here as Plaintiff still has failed to respond to any motions requesting dismissal.